JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RANDY LAMAR MITCHELL ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. CR-08-571-CAS, <br> Case No. CV-14-4743-CAS |

## I. INTRODUCTION & BACKGROUND

On August 13, 2008, Randy Lamar Mitchell ("Mitchell") pleaded guilty to a single count of possession with intent to distribute at least five grams of cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). See Dkt. Nos. 17, 19.[1] On January 30, 2009, this Court sentenced Mitchell to a term of 110 months of imprisonment. Dkt. No. 34. On June 19, 2014, Mitchell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Dkt. No. 65 (Pet.). The government filed an opposition on December 15, 2014, and a supplemental opposition

---

[1] All docket number references pertain to case number CR-08-571.

on February 10, 2015, based on a recent decision of the Ninth Circuit. Dkt. Nos. 72, 75. Mitchell filed a reply on February 12, 2015. Dkt. No. 76 (Reply).

The Presentence Report ("PSR") found that defendant had committed at least two previous controlled substance offenses within the meaning of United States Sentencing Guideline § 4B1.1. Pet. at 2–3. This finding was based on a 2003 conviction for possession of cocaine base for sale, in violation of California Health & Safety Code § 11351.5, and 2004 and 2007 convictions for selling or transporting a controlled substance, in violation of California Health & Safety Code § 11352. Pursuant to this career offender finding and a three-level downward adjustment for acceptance of responsibility, the PSR recommended a guideline sentence range of 188 to 235 months. Id. at 3. In a series of three sentencing hearings, the government argued for a sentence of 188 months, while defendant argued for a sentence of five years. Id. at 3–4. The Court found that a variance from the guideline sentence range was appropriate pursuant to 18 U.S.C. § 3553(a), and sentenced defendant to 110 months of imprisonment.

On January 8, 2013, Mitchell filed a motion to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(2). Dkt. No. 39. This motion was based on the Fair Sentencing Act ("FSA"), which retroactively amended crack cocaine sentencing guidelines. The Court denied that motion on September 5, 2013, Dkt. No. 54, finding petitioner's requested relief foreclosed by United States v. Pleasant, 704 F.3d 808 (9th Cir. 2013). This Court reasoned that the FSA required that a sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," and that the "applicable policy statement" in Mitchell's case limited sentence reductions to situations in which the "guideline range applicable to that defendant has subsequently been lowered as a result of an amendment." Dkt. No. 54 at 1–2. The Court found that because Mitchell, like the defendant in Pleasant, was (1) sentenced as a career offender and (2) granted a downward departure below the Career Offender Guidelines, the applicable guideline range was that applicable to career offenders, which had not been

"lowered as a result of an amendment." Id. at 2. The Ninth Circuit affirmed this ruling on appeal. See United States v. Mitchell, 585 F. App'x 505 (9th Cir. 2014). In that affirmance, the Ninth Circuit concluded that a new argument raised by Mitchell on appeal—that his criminal history did not qualify him as a career offender—was not cognizable in a § 3582(c)(2) proceeding. Id. at 506.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## III.   ANALYSIS

Mitchell makes two arguments through this motion. First, he argues that the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013), announced a new, retroactive rule that makes his career offender determination erroneous and correctable on collateral attack. Specifically, Mitchell seeks relief pursuant to the Descamps' holding that sentencing courts may not apply the "modified categorical" approach to sentencing when the prior crime of which the defendant was convicted has a "single, indivisible set of elements." Id. at 2281–82. Second, Mitchell argues that he was "actually innocent" of being a career offender at the time of sentencing. Because the Court determines that Mitchell's petition was not filed within the applicable statute of limitations, it does not reach the merits of these arguments.

### A.   The Petition Is Untimely.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

3

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>> (1) the date on which the judgment or conviction becomes final
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Mitchell's conviction became final on February 19, 2009, and his petition was filed on June 19, 2014. Thus, unless one of the exceptions articulated in § 2255(f) applies, Mitchell's petition is time-barred.

Mitchell argues that his petition is timely because when the Supreme Court decided Descamps on June 20, 2013, it recognized a new right retroactively applicable to cases on collateral review. Reply at 9–11. In general, the Supreme Court newly recognizes a right when it "breaks new ground or imposes a new obligation on the States or the Federal Government . . . . To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989) (emphasis in original).

This argument fails under the Ninth Circuit's recent decision in Ezell v. United States, — F.3d —, 2015 WL 294306 (9th Cir. Jan. 23, 2015). In that case, the Ninth Circuit held that the "Supreme Court did not announce a new rule in Descamps." Id. at

4

*3.  The court explained:

> Descamps did not impose a new obligation nor did it break new ground.  Rather, as both the Supreme Court and we have recognized, Descamps clarified application of the modified categorical approach in light of existing precedent.  Descamps, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); United States v. Quintero–Junco, 754 F.3d 746, 751 (9th Cir. 2014) ("As the Supreme Court recently clarified in Descamps, courts may employ the modified categorical approach only when the statute of conviction is 'divisible . . . .' " (emphasis added)); accord United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014) (noting that "[t]he Supreme Court in Descamps explained that it was not announcing a new rule, but was simply reaffirming" its prior interpretation of the ACCA).

Id.  Indeed, even before Ezell was decided, a court within this circuit noted that "district courts have universally dismissed" the argument that "Descamps created a new right." United States v. Lawrence, Nos. 06-CR-00036-JLQ, 14-CV-191-JLQ, 2014 WL 4264800, at *4 (W.D. Wash. Aug. 29, 2014) (collecting cases); see also United States v. Gentry, Nos. 3:13-cv-00977-JO, 3:08-CR-00140-JO, 2014 WL 582734, at *2 (D. Or. Nov. 7, 2014) ("Gentry's timeliness argument requires that in Descamps the Supreme Court recognized a new right and made the new right retroactively applicable to cases on collateral review.  The Court did neither.").  Because the Supreme Court's decision in Descamps does not meet the conditions to restart the time for filing for purposes of § 2255(f)(3), Mitchell's position is barred by AEDPA's statute of limitations.

      **B.**    **The "Escape Hatch" Provision Does Not Apply.**

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or

conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention." Id. at 864–65 (citing 28 U.S.C. § 2255(e)). This so-called "savings clause" or "escape hatch," id. at 864 n.2, provides a "narrow exception" to AEDPA's strictures, United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). Mitchell requests that, if this Court finds that his claim would be otherwise procedurally barred, the Court construe his petition as one under § 2241, which does not contain a one-year statute of limitations. Reply at 11.

The Ninth Circuit has "held that a motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' " Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008) (quoting Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006)). Because Mitchell fails to meet the first part of this test, the Court does not reach the second.

Mitchell argues that he is "actually innocent" of the career offender designation because the modified categorical approach was improperly applied to define him as a career offender for sentencing purposes. Reply at 12. He contends that in Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012), cert denied, 133 S. Ct. 1264 (2013), the Ninth Circuit left open the question of whether such a claim qualifies as an "actually innocent" claim. See Reply at 12 (quoting Marrero, 682 F.3d at 1193).

In fact, however, Marrero forecloses Mitchell's argument. Marrero, like Mitchell, claimed that he was " 'actually innocent' of being a career offender under the Sentencing Guidelines" because of 2007 amendments to those guidelines. Marrero, 682 F.3d at 1193. Specifically, Marrero argued that two of his prior convictions should be considered "related," because he was sentenced for them on the same day, and that he

6

therefore should not be considered a career offender. Id.  Declining to reach the merits of that argument, the Ninth Circuit held "that the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195.  The court explained:

> Whatever the merits of Petitioner's argument that he would not qualify as a career offender were he to be sentenced under the post–2007 Guidelines, his claim is not one of actual innocence. "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998)." " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.  We have not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch. It is clear, however, that Petitioner's claim that two of his prior offenses should no longer be considered "related," and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence.  Accordingly, it is not a cognizable claim of "actual innocence" for the purposes of qualifying to bring a § 2241 petition under the escape hatch.

Id. at 1193 (citation omitted; citation formatting altered).  The court then noted, "[o]ur sister circuits are in accord that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." Id. (citing, *inter alia*, Bradford v. Tamez (In re Bradford), 660 F.3d 226, 230 (5th Cir. 2011) (per curiam) ("[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants

7

review under § 2241."); Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (holding that a prisoner who pleaded guilty to crack cocaine offense could not challenge through § 2241 the application of the § 4B1.1 career offender enhancement)).

Marrero controls this petition. Indeed, in multiple unpublished dispositions, the Ninth Circuit has relied on that decision to reject Mitchell's precise argument:

> Green contends that he is actually innocent of being a career offender under U.S.S.G. § 4B1.1 and therefore he should be allowed to proceed with his section 2241 petition under the "escape hatch" of 28 U.S.C. § 2255(e). This contention is foreclosed. See Marrero v. Ives, 682 F.3d 1190, 1195 (9th Cir. 2012) ("[T]he purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch.").

Green v. Thomas, 485 F. App'x 888, 889 (9th Cir. 2012); Rith v. Rios, 514 F. App'x 684, 684–85 (9th Cir. 2013) ("Although Rith's argument that he was entitled to bring a section 2241 petition was based on his contention that he was 'actually innocent,' he did not argue that he was actually innocent of the crime of conviction. His argument that he was innocent of his career offender status for sentencing purposes is 'not cognizable as a claim of actual innocence.' " (citing Marrero, 682 F.3d at 1195)); see also Phillips v. Copenhaver, No. 1:13-cv-00004-SKO-HC, 2013 WL 1284234, at *3–6 (E.D. Cal. Mar. 28, 2013) (rejecting a similar claim of "actual innocence" of career offender status and denying certificate of appealability); Manigault v. Babcock, No. 2:11-cv-0410 WBS EFB P, 2012 WL 3205248, at *2 (E.D. Cal. Aug. 3, 2012) (similar).[2]

---

[2]Additionally, the Court notes that Mitchell's broad interpretation of "actually innocent" cannot be squared with the Ninth Circuit's articulation of that concept. " 'To establish actual innocence, a petitioner must demonstrate that, in light of all the evidence,
(continued...)

Mitchell argues that a contrary conclusion is "strongly suggest[ed]" by the Supreme Court's recision decision to grant a petition for writ of certiorari, vacate, and remand ("GVR") the denial of a § 2241 petition in Persaud v. United States, 134 S. Ct. 1023 (2014). Reply at 12. This argument is unpersuasive for at least two reasons. First, a GVR order "is merely a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision." Gonzalez v. Justices of Mun. Ct., 420 F.3d 5, 7 (1st Cir. 2005). Even for the court to which the decision is remanded, a GVR order does not carry any "precedential weight," and should not be "treat[ed] . . . as a thinly veiled direction to alter [] course." Id. Certainly, then, a GVR order in a different case, based on a different circuit's intervening precedent, cannot give this Court reason to disregard Ninth Circuit precedent. See Rodriguez v. Thomas, Civil No. 1:14-CV-1121, 2015 WL 179057, at *4 & n.4 (M.D. Pa. Jan. 14, 2015) (rejecting a similar Persaud-based argument and stating that "a GVR order has no precedential value"). Second, Persaud is inapposite because its petitioner was sentenced to a mandatory minimum term of life imprisonment, and attacked that sentence under United States Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), an intervening decision of the Fourth Circuit that, unlike Descamps, was expressly made retroactively applicable on collateral review. Compare Miller v. United States, 735 F.3d 131, 145–47 (4th Cir. 2013) (holding that Simmons announced a new rule retroactive on collateral review), with Lockett v. Ives, No. CV 14-

---

²(...continued)
it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2000) (quoting Stephens, 464 F.3d at 898). As one of the decisions cited in Marrero highlights, an argument that one is "actually innocent" of the "offense of being a career offender" misses the point that a "defendant who is convicted and then has the § 4B1.1 career offender enhancement . . . applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. If guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt." Gilbert, 640 F.3d at 1320.

5366-PSG (AGR), 2014 WL 4060176, at *3 (C.D. Cal. July 23, 2014) ("Even assuming Descamps assists Petitioner, the Supreme Court has not made its holding retroactive." (collecting cases holding that Descamps is not retroactive on collateral review)); see Holman v. Thomas, Civil Action No. 1:14-cv-2554-RBH, 2014 WL 6809748, at *4 (D.S.C. Dec. 3, 2014) (distinguishing Persaud from a challenge based on "Descamps and its Fourth Circuit progeny . . . neither of which has been made retroactive on collateral review").

Accordingly, Mitchell's petition does not fall within the "escape hatch" of §§ 2241 and 2255(e), and is time-barred.

### C. Certificate of Appealability

Mitchell requests that, should the Court deny this petition, the Court issue a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that, to obtain a Certificate of Appealability under § 2253(c), a habeas petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition claims a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its ruling." Slack, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should

be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

For the reasons discussed above, it does not appear that a reasonable jurist could have decided the procedural issues any differently. Accordingly, the Court denies the request for a certificate of appealability.

## IV. CONCLUSION

For the reasons stated herein, Mitchell's petition is untimely under 18 U.S.C. § 2255, and does not fit within the "escape hatch" of §§ 2241 and 2255(e). Because the petition is procedurally barred, the Court does not reach its merits. The petition for writ of habeas corpus, and the request for a certificate of appealability, are **DENIED**.

IT IS SO ORDERED.

Dated: February 19, 2015

_____
CHRISTINA A. SNYDER
United States District Judge